**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ZACKERY J. ASKINS,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA DAWN HARTSON,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | Case No. CIV-26-00760-JD |

**ORDER**

Before the Court is United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 6], to which Plaintiff Zackery Askins ("Plaintiff") filed objections. [Doc. No. 8]. As discussed below, the Court accepts and adopts the R. & R.

Plaintiff, a federal inmate proceeding *pro se*, filed an Application for Leave to Proceed in Forma Pauperis. [Doc. No. 2]. The Court referred the Application to Judge Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Maxfield determined Plaintiff's Application was deficient because it was "missing financial information and/or signature of authorized officer of penal institution." [Doc. No. 5 at 1]. The deficiency was not cured.

The R. & R. recommends denying Plaintiff's Application for Leave to Proceed in Forma Pauperis [Doc. No. 2] and dismissing the action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of this order. [Doc. No. 6 at 2–3]. The R. & R. based its recommendation upon Plaintiff's failure to

comply with Judge Maxfield's prior order to cure his Application. [*Id.* at 2]. The R. & R. advised Plaintiff of his right to object by June 30, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 3]. Plaintiff filed an objection. [Doc. No. 8].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In Plaintiff's objection, he states that the facility where he is incarcerated has "refused" to complete its portion of the Application to Proceed in Forma Pauperis, thus he was unable to comply with Judge Maxfield's order. [Doc. No. 8 at 1]. As stated in the R. & R., proceeding in forma pauperis "in a civil case is a privilege, not a right—fundamental or otherwise." [Doc. No. 6 at 2 (citing *White v. Colorado*, 157 F.3d 1226,

1233 (10th Cir. 1998))]. Also as noted in the R. & R., Plaintiff did not advise Judge Maxfield why he failed to comply with the order to cure [Doc. No. 5] prior to the expiration of the deadline to do so. [*See* Doc. No. 6 at 2 n.2 ("While the order to cure directed 'an authorized official at the Midwest Joint Regional Correctional Facility' to cure the deficiency, the order was sent to Plaintiff and he has not provided any explanation of why his IFP application remains deficient.");[1] *see also* Doc. No. 5 at 2 (providing a deadline of May 25, 2026 to comply with the order to cure)]. Nor did Plaintiff seek an extension for compliance. Plaintiff, therefore, has failed to comply with the order to cure [Doc. No. 5] and has not presented the Court with a complete Application.

Accordingly, for the above reasons, the Court ACCEPTS the R. & R. [Doc. No. 6]. The Court, therefore, DENIES Plaintiff's Application for Leave to Proceed in Forma Pauperis. [Doc. No. 2]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of this Order, or by **October 16, 2026**. *See* LCvR3.3(e).

IT IS SO ORDERED this 25th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[1] Moreover, it is Plaintiff's responsibility under the Court's Local Civil Rules for his certificate to be executed by an authorized official of the appropriate penal institution. LCvR3.3(b).